AO 108 (2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| In the Matter of the Seizure of<br>ALL MONIES, FUNDS, AND FINANCIAL INSTRUMENTS AND CREDITS ON DEPOSIT AND HELD FOR THE BENEFIT OF MARIA ROSARIO REYES a/k/a ROSARIO REYES a/k/a MARIA DEL ROSARIO MELO-REYES, INCLUDING BANK OF AMERICA, ACCOUNT #223005063175 | APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT<br><br>CASE NUMBER: 2:09CR1158 |

I, Steven N. Migioia, being duly sworn depose and say:

I am a SPECIAL AGENT for the Drug Enforcement Administration, and have reason to believe that in the District of South Carolina, there is now certain property which is subject to forfeiture to the United States, namely a bank account in the name of Maria Rosario Reyes, account number 223005063175, Bank of America, which is subject to seizure and forfeiture pursuant to 21 U.S.C. §§ 853, 881(a)(6), and 881(b), and 18 U.S.C. §§ 981(a)(1) and 981(b), 982(a)(1), and 982(b)(1) concerning violations of 21 U.S.C. §§ 841 and 846, or was used or intended to be used to commit or facilitate the commission of 21 U.S.C. §§ 841 and 846 or constitutes or is traceable to property involved in money laundering transactions, in violation of 18 U.S.C. §§ 1956.

The United States asserts that a Court should issue a Criminal Seizure Warrant as authorized under 21 U.S.C. § 853(f) because:

1. There is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture, and

2. An order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture.

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof. [X] Yes  [ ] No

_____
STEVEN N. MIGIOIA
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence

October 26, 2009                              at    Charleston, South Carolina
Date                                                    City and State

Robert S. Carr, United States Magistrate Judge     _____
Name and Title of Judicial Officer                         Signature of Judicial Officer

| | |  |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | AFFIDAVIT |
| COUNTY OF CHARLESTON | ) | |

PERSONALLY APPEARED before me Special Agent Steven Migioia who, being first duly sworn, deposes and states as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I am a Special Agent of the Drug Enforcement Administration (DEA) and have been so employed for approximately 18 years. I am currently assigned to the DEA Task Force (DEATF) located at the Charleston, SC, Resident Office. As a Special Agent of the DEA, I have participated in complex investigations concerning the unlawful importation, possession with intent to distribute, and distribution of controlled substances, the use of communication facilities to cause or facilitate the distribution of controlled substances, and conspiracy to commit such offenses, in violation of Title 21, United States Code, Sections 963, 960, 952, 846, 843(b) and 841(a)(1), and the laundering of monetary instruments, in violation of Title 18, United States Code, Sections 1956 and 1957.

3. This affidavit is made in support of an application for a seizure warrant for Bank of America Account # **223005063175**. The account holder is identified as Maria Rosario REYES, 102 Craig Court., lot 60, Ladson, SC 29456, Tax Identification Number# 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, DOB:11/18/1977 and Mexican Passport #

1

05892617361. This affidavit is based on factual information obtained during the ongoing investigation referred to in paragraph 5 below. Based on this information, I have reason to believe that Maria Rosario REYES a/k/a Rosario REYES, and others, have violated Title 21, United States Code, Sections 846 and 841(a)(1), and Title 18, United States Code, Section 1956, and that the Account #223005063175 is subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 881, and Title 18, United States Code, Sections 981(b) & 982.

4.    The facts and information provided below are known to me or by other agents or officers assigned to the investigation and communicated to me for inclusion herein.

5.    Beginning at least in or about January 2008 and continuing to present, agents, officers and deputies of the Drug Enforcement Administration (DEA), Federal Bureau of Investigations (FBI), Immigration Customs Enforcement (ICE), the DEA Task Force (DEATF), the Berkeley County Sherriff's Office (BCSO), and I, working with the United States Attorney's Office, have participated in an investigation targeting the illegal drug trafficking and money laundering activities of the Armando RAMIREZ ("ARMANDO") organization. Members of that organization include Ramiro SANCHEZ-GAYTAN ("SANCHEZ-GAYTAN"), Orlando SANCHEZ-RAMIREZ ("SANCHEZ-RAMIREZ"), Maria Rosario REYES a/k/a Rosario REYES ("REYES), and others known and as yet unknown.

6.    During this investigation, I have learned that Armando RAMIREZ, Ramiro SANCHEZ-GAYTAN, Orlando SANCHEZ-RAMIREZ, Rosario REYES, Martina ESPINOZA-RAMIREZ, Francisco SERRANO and others were involved in a large scale Mexican, poly-drug organization. Investigation has determined that

2

Armando RAMIREZ is a "cell head leader." A "cell head leader" is one who directs a number of individuals to conduct day to day drug and money laundering activities within the area in which he or she is operating. A cell head leader's role often requires communication directly with the source of supply or with other cell head leaders. Armando RAMIREZ conducts the most important aspects of his drug activities outside of South Carolina. Armando RAMIREZ directs a very close network of individuals whom he trusts, most of whom are family. The RAMIREZ Organization, in cooperation with other cell head leaders based in Anaheim, California and Atlanta, GA, plan and execute the transportation of cocaine, marijuana and methamphetamine, which has been smuggled into the United States from Mexico by one of the major Mexican Cartels. Investigation has determined that Armando RAMIREZ has an association with the "La Familia Cartel" based out of Michocan, Mexico. Investigation has revealed that the RAMIREZ Organization financially supports itself through the distribution of narcotics within the Charleston, South Carolina area as well in North Carolina, Minnesota, and Texas. I know that the RAMIREZ Organization and other members of this drug trafficking and money laundering operation utilize cellular telephones, "stash houses," "stash vehicles," and various residences, as well as a business and financial institutions, to facilitate their drug trafficking and money laundering activities. I believe, based on my experience as a narcotics investigator, that all of these tactics, techniques and devices are designed and used to thwart the efforts of law enforcement personnel, to avoid apprehension, and to protect illegally acquired assets and proceeds.

7. During the course of this investigation, Cooperating Sources (hereafter referred to as "CS"), Sources of Information (hereafter referred to as "SOI") and several Confidential Protected Sources (hereafter referred to as "CPS") have all provided detailed information regarding the ongoing activities of the Armando RAMIREZ drug distribution and money laundering organization. The reliability of each CS, SOI and CPS has been verified through independent investigative techniques including, but not limited to: (1) surveillance; (2) service of administrative subpoenas and court orders; (3) interviews with CS's and SOI's; (4) traffic stops; (5) cellular call/toll analysis; and (6) analysis of records obtained from financial institutions.

8. Between 7/12/09 and 7/20/09, a Source of Information (SOI)[1] provided information on the travel activities of Armando RAMIREZ ("ARMANDO"), Orlando SANCHEZ-RAMIREZ and Rosario REYES. ARMANDO asked the SOI drive this group from South Carolina to California. I believe that ARMANDO requested the SOI to be a driver because the SOI had a valid South Carolina driver's license. To date, the investigation has revealed that ARMANDO, SANCHEZ-RAMIREZ and REYES have no valid driver's license in South Carolina. The same SOI assisted ARMANDO in June of 2009 by driving to California. Information supplied by the SOI and DEA agents conducting surveillance in California during June reported that

---

[1] This SOI was previously a paid Cooperating Source (referenced in other court documents relating to this investigation as CS-2). At the time of the trip referenced herein, this individual had been deactivated as a CS because investigators witnessed him/her coordinate an unauthorized drug transaction with the RAMIREZ DTO. After that incident, this individual was considered only a SOI and efforts were made to independently corroborate the information he/she provided, as noted in this affidavit. Agents later confronted the SOI regarding the drug transaction, and he/she admitted to his/her participation. Nevertheless, the SOI's information, both before that incident and after, has been proven reliable.

4

ARMANDO had met with several documented drug traffickers. The purpose of the travel in July, according to the SOI, was for ARMANDO to continue those meetings and purchase narcotics. Information obtained from a Confidential Protected Source (CPS) also revealed that ARMANDO was planning to meet with traffickers who needed their drugs transported from California to Atlanta, GA.

9. On 7/16/09, the SOI reported that ARMANDO, REYES and SANCHEZ-RAMIREZ were staying at the Motel 6 located at 12775 Encinitas, Ave, Sylmar, CA. Intelligence information gathered from Global Positioning Data (GPS) confirmed that the SOI was correct. According to the SOI, ARMANDO was waiting for two Hispanic males to arrive to discus future drug activities. Surveillance agents were able to identify the two Hispanic males as Rosendo TORRES and Raul LNU. At approximately 10:33 p.m., the SOI reported that ARMANDO had met with Francisco SERRANO. Investigation has determined that SERRANO is a tractor trailer driver who resides in South Carolina who transports narcotics for ARMANDO from California to the East Coast.

10. The SOI reported by 7/18/09, ARMANDO had acquired two kilograms of cocaine and 100 pounds of marijuana. The SOI stated that ARMANDO had SERRANO transport the narcotics to the East Coast. However, the SOI did not know specifically where SERRANO was transporting the narcotics. The SOI reported that the SOI and Rosario REYES went to the Bank of America not far from the Motel 6. The SOI stated that REYES withdrew from an account $9,000 at the direction of ARMANDO. I believe the money withdrawn by REYES was used by the RAMIREZ Organization to purchase those drugs or to fund expenditures made on this trip.

5

11. Investigation has determined from financial records obtained from Bank of America that, on 7/18/09, REYES went to a Bank America located at 12683 Glen Oaks Blvd., Sylmar, CA 91342 as the SOI reported. REYES withdrew $9,000 from an account established in South Carolina. REYES is listed as the account holder with an address of 102 Craig Court, Lot 60 Ladson, SC 29456.

12. Records from Bank of America further revealed the following transactions:

**7/14/09:** $9,500 cash deposit. The deposit slip shows the name Maria Del REYES, 102 Craig Court Ladson, SC 29456. The account number **223005063175** was written on the deposit slip. The transaction was conducted at Bank of America, Oakbrook branch, Summerville, SC. I believe that someone other than Maria Del REYES made this deposit because, according to the SOI, REYES was traveling to California with Armando RAMIREZ and others at the time this deposit was made.

**7/20/09:** $9,000 cash withdrawal (*money withdrawal on 7/18/09 and posted on 7/20/09*) (reference is made to paragraph 10). The SOI reported being with REYES at a Bank of America in California when REYES withdrew $9,000.

**7/29/09:** $5,000 cash deposit. This deposit was made at 11:56 a.m., at the Bank of America located at the Summerville Main Office. The account number **223005063175** was printed on the deposit slip.

**8/17/09:** $5,000 cash deposit. This deposit was made at 11:25 a.m., at the Bank of America located in Oakbrook, Summerville, SC. The account number **223005063175** was printed on the deposit slip.

6

**8/21/09:**   $9,500 cash deposit. This deposit was made at 1:19 p.m., at the Bank of America located at the Summerville, Main Office. The account number **223005063175** was printed on the deposit slip.

**8/21/09:**   $5,000 cash withdrawal.

13.   On 6/8/09, the federal grand jury returned a sealed, true bill indictment against Armando RAMIREZ, Orlando SANCHEZ-RAMIREZ, Ramiro SANCHEZ-GAYTAN, Rufino LOPEZ, and Rosario REYES a/k/a Maria Del REYES charging them with conspiring to possess with intent to distribute and distribution of more than 5 kilograms of cocaine, 5 grams or more of crack cocaine, 50 grams or more of methamphetamine, and 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 846. Armando RAMIREZ, Orlando SANCHEZ-RAMIREZ, Ramiro SANCHEZ-GAYTAN were also charged with six counts of possession with intent to distribute and distribution of cocaine, methamphetamine, and/or crack cocaine in violation of 21 U.S.C. § 841. On October 6, 2009, the federal grand jury returned a sealed, true bill superseding indictment against the same defendants and alleging the same crimes, but also adding nine additional defendants to the conspiracy count.

14.   On 12/27/2007, the Border Patrol Laredo, TX arrested Rosario MELO-REYES, DOB: 11/18/2007 for alien inadmissibility. Based on this record and the fact that the investigation has shown thus far that REYES and Armando RAMIREZ do not hold any legitimate job, I believe that REYES is here in the United States illegally and any income attributed to her is income derived from criminal activity.

15   Based on the foregoing information, there is probable cause to believe that Maria Rosario REYES a/k/a Rosario REYES and Armando RAMIREZ, violated

7

Title 21, United States Code, Sections 846 and 841(a)(1) and Title 18, United States Code, Section 1956. It is the affiant's belief that the Bank of America Account # **223005063175**, is subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 881, and Title 18, United States Code, Sections 981(b) & 982.

_____
Steven N. Migioia
Special Agent Drug Enforcement Administration


SWORN to before me the
____ day of October, 2009


_____
Robert S. Carr
United States Magistrate Judge

8